Dear Mr. Adcock:
I am responding to your request for an Attorney General's Opinion. I understand that the State Licensing Board for Contractors is seeking an interpretation of the Contractors Licensing Law, LSA-R.S. 37:2150 et seq. The State Board licenses contractors and subcontractors that fall under its jurisdiction. A subcontractor is in part defined as "a person who contracts directly with the primary contractor for the performance of a part of the principal contract." LSA-R.S. 37:2120.1(11). In general, a subcontractor must be licensed by the Board if the subcontractor's work is part of a "commercial" project and costs $50,000.00 or more. LSA-R.S. 37:2150.1(4).
Specifically, you have requested an opinion concerning the definitional parameters of "that part of the contract which is performed by the subcontractor", under the definition of "subcontract" in LSA-R.S. 37:2150.1(10), as it relates to the applicable cost allocation in the determination of the requirement for a contractor's license by the subcontractor.
As stated above, a subcontractor performs a "part of the principal contact." The part of the principal contract that a subcontractor performs is defined in its subcontract. Therefore, the entire cost of each subcontract must be examined to determine if a subcontractor must be licensed by the State Licensing Board for Contractors. If the entire cost of a subcontract on a commercial project is $50,000.00 or more, the subcontractor must be licensed by the State Licensing Board for Contractors.
However, a contractor may not artificially subdivide work to be performed on a project into subcontracts totaling less than $50,000.00 each in order to avoid the licensure requirement. For example, if a portion of a contract of construction indicates that labor for roofing will be $60,000.00 and materials for roofing will be $60,000.00, the general contractor may not subdivide the labor for the roofing or the material for the roofing into two subcontracts of $30,000.00 each to avoid the requirement that those subcontracts should be licensed. Similarly, the general contractor may not himself supply labor or materials in an amount sufficient to reduce any remaining labor or material subcontracted below $50,000.00.
On the other hand, a subcontract for labor or a subcontract for material with an unlicensed subcontractor that is less than $50,000.00 is permissible, if each subcontract constitutes the entire cost of the labor or material for that portion of the project. Similarly, a general contractor may provide all the labor for a portion of the work on a contract and may subcontract for the supply of materials for that portion of the contract in an amount less than $50,000.00, rather than subcontract both labor and material for that portion of the contract. The Board's law, prior to recent amendments, had been interpreted to allow the above practice and nothing in recent amendments would require a change.
In sum, if the entire cost of the subcontract on a commercial project is $50,000.00 or more, the subcontractor must be licensed by the State Licensing Board for Contractors.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: JAMES C. HRDLICKA Assistant Attorney General
JCH:cdw-0983q